UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHARON D. ROBINSON,                             CIVIL NO. 05-582 (JMR/AJB)

                      PLAINTIFF,            **REPORT AND RECOMMENDATION**
v.                                                      ON PLAINTIFF'S APPLICATION
                                                     FOR ATTORNEY FEES UNDER THE EAJA

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                      DEFENDANT.

---

FAY E. FISHMAN, ESQ., PETERSON & FISHMAN, P.L.L.P., ON BEHALF OF PLAINTIFF, SHARON D. ROBINSON.

LONNIE F. BRYAN, ESQ., ASSISTANT UNITED STATES ATTORNEY ON BEHALF OF DEFENDANT, JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY.

---

**I.      INTRODUCTION**

This matter is before the court for a report and recommendation to the district court regarding plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA).  [Docket No. 27.] *See* 28 U.S.C. § 2412(d).  Plaintiff Sharon D. Robinson (Robinson) requests attorney fees in the amount of $6,929.62.[1]  The Commissioner of Social Security (Commissioner) opposes this request

---

[1]      Robinson initially requested fees in the amount of $6,495.36.  (*See* Pl. Mem. at 2.)  The Commissioner filed a response opposing the request for fees and noted that Robinson's counsel had erred in determining the correct hourly amount.  (Def. Mem. at 12.)  Robinson acknowledged this error in her reply memorandum, corrected the miscalculated hourly figure and added the cost of 3.3 hours spent drafting the reply memorandum.  (*See* Pl. Reply at 9.)

claiming that plaintiff's motion should be denied because the Commissioner's position was substantially justified; the amount of fees was incorrectly calculated using the hourly rate for 2006 for work completed in 2005; and the time spent by Robinson's counsel was excessive.

## II.   BACKGROUND

Robinson brought this matter before the district court following the Commissioner's final decision denying her disability. The undersigned Magistrate Judge recommended that the matter be remanded to the agency for further procedures because the ALJ had failed to fully develop the record as required under the agency's regulations. Following a *de novo* review of the record, United States District Court Chief Judge James M. Rosenbaum accepted the report and recommendation and remanded the matter to the Commissioner for further consideration. Accordingly, the district court granted Robinson's Motion for Remand, denied Robinson's Motion for Summary Judgment, and denied the Commissioner's Motion for Summary Judgment. Robinson now files a motion seeking to collect attorney fees under the EAJA.

## III.   DISCUSSION

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees. 28 U.S.C. § 2412(d)(1)(A). An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were substantially justified or "special circumstances make an award unjust." *Id.* "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)) (internal quotation marks omitted). In this case, the burden is on the

Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified.  *See Lauer v. Barnahrt*, 321 F.3d 762, 764 (8th Cir. 2003).  The parties do not dispute that Robinson was a prevailing party.

### A.     *The Decision of the ALJ was Not Substantially Justified*

The Commissioner contends that Robinson's motion should be denied because the Commissioner's position was substantially justified.  The court concludes that, after examining the ALJ's conduct as a whole, the ALJ was not substantially justified.  The ALJ's decision did not conform to the agency's own regulations.  This court declined to review the ALJ's analysis, finding that a review of the ALJ's decision would not be proper because the ALJ's decision was based on an insufficient record.  This court noted in the report and recommendation "that the fundamental problem with the ALJ's decision is that he simply did not have sufficient medical evidence to make a well-informed decision about the plaintiff's RFC."  This court noted that Robinson's treating physician's treatment notes are illegible and that these notes were at the core of the ALJ's determination of Robinson's RFC.  The court also noted that other doctors' assessments were limited by the inability of the reviewing physician to decipher the treating physician's notes.  The court observed that the "ALJ appears to have resorted to speculation" in making some conclusions regarding Robinson's limitations.  The failure fo the ALJ to fully develop the record and the ALJ's recourse to using speculation in formulating Robinson's RFC was contrary to the established agency regulations.  Accordingly, the court finds that the Commissioner's position was not substantially justified.

### B.     *The Fee Requested by Robinson's Counsel, as Amended, is Reasonable*

The government argues that the fees requested by Robinson are unreasonable and excessive

because plaintiff's counsel used an improper hourly rate and the amount of hours spent on this matter exceed the usual amount of hours for a social security case. Counsel for Robinson used the 2006 rate for all of the hours of work completed. She should have used the 2005 hourly rate for that work performed during 2005 and the 2006 hourly rate only for that work performed in 2006. Counsel acknowledges in her reply memorandum that the hourly rate that she used to calculated the fees for services performed in 2005 was incorrect. Thus, the fees should be adjusted to reflect this correction.

The government further argues that the amount of time that counsel spent on this matter is unreasonable. The Commissioner argues that a reasonable time spent on a social security case is 20 to 40 hours and cites to several cases that support this proposition.

First the court notes that Robinson's request is for 40.8,[2] only 0.8 hours over what the Commissioner argues is a reasonable amount of time. Although some courts have stated that between 20 to 40 hours is the usual amount of time to spend on an average social security case, several courts have awarded fees for more than 40 hours. *Jawad v. Barnhart*, 370 F. Supp.2d 1077, 1091 (S.D. Cal. 2005) (awarding fees for 53.5 hours); *Myer v. Barnhart,* No. 04-4077-JAR, 2005 WL 3084898, *2 (D. Kan. Nov. 3, 2005) (slip copy) (awarding fees for a total of 50.55 hours and $7,683.60); *Lechner v. Barnhart*, 330 F.Supp.2d 1005, 1012 (E.D. Wis. 2004) (awarding fees for a total of 45.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill.1998) (noting counsel's extensive experience and the lengthy 400 page administrative record and awarding 65.75 hours). The requested 40.8 hours does not fall unreasonably far from the range suggested by the Commissioner.

---

[2] Plaintiff requests fees for a total of 40.8 hours. Although the court calculates a different total, 41.1 hours, the court will use the total reported by plaintiff's counsel.

4

Notwithstanding her claim that 40 hours would be a reasonable amount of time to have spent on a social security case, the Commissioner proceeds to contest several of Robinson's billing entries and requests the court significantly reduce the amount of hours billed by 22.5 hours, which would result in a total of 18.3 hours, considerably lower than the range suggested by the Commissioner. The Commissioner fails to present any evidence why plaintiff's recorded billable time is unreasonable, but merely claims that the recorded time is unreasonable based on plaintiff counsels' extensive experience with social security cases or the routine nature of the reported tasked. For example, the Commissioner argues that Counsel's claim of 21.1 hours to review the transcript and prepared the initial district court brief is excessive and should be reduced by one-third to 14.1 hours. In addition, the Commissioner claims that plaintiff's council's claim of a total of 1.8 hours spent reviewing routine documents and communicating the effect of those to her client was excessive and should be reduced to .6 hours. Plaintiff's counsel billed .3 hours (18 minutes) for reviewing of each of several documents. The Commissioner argues that tenth-hour increment billing is more appropriate than billing by the quarter hour. Finally, the Commissioner claims that counsels billing of 2.3 hours in drafting the summons and complaint is excessive and should be reduced to one hour.

The court finds that the 40.8 hours billed by plaintiff's counsel is reasonable. The requested amount is minimally above what the Commissioner herself has deemed reasonable. In addition, the requested 40.8 hours falls within a range of fees that have been found reasonable in other social security cases. Furthermore, unlike the average social security case, this case involved a quite lengthy administrative record (over 900 pages) with several pages of the treating physician's records that were very difficult to decipher. And finally, the court observes that, as suggested by the Commissioner,

5

plaintiff's counsel did bill by the tenth-hour instead of the quarter hour as reflected by a .3 hour billing period.

### III.    RECOMMENDATION

The court finds that plaintiff was a prevailing and that the Commissioner's position was not substantially justified. In addition, the court finds that the 40.8 hours spent in pursuing this case and the additional 3.3 hours spent in replying to the governments response to the fee request, results in a total that is a reasonable amount. The court does note that the initial request should be modified to reflect the corrected hourly amount of compensation. Accordingly, this court **recommends** that Robinson's Petition for Attorney Fees [Docket No.26] be **granted** and the corrected fee amount be awarded.

Dated: June 9, 2006

s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge